JOSÉ LLINÁS MORELL, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 965. Submitted November 4, 1935.—Decided December 13, 1935.

*L. López de Victoria* for appellant. The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

It appears from the books of the Registry of Property of San Germán that a conveyance of the property known as "Collado," executed on May 1, 1913, by Attorney José Salvador Amill Negroni, as attorney in fact of his sister, María Eugenia Delfina Amill Negroni, a divorced person, and also by other co-owners caused, in January 1916, the entry of the ninth record of property No. 556, triplicate, at folio 133 of volume 22 of the Municipality of Maricao, with the curable defect that the conveyance did not contain, nor was it accompanied by, the power of attorney granted by María Eugenia Delfina Amill Negroni, in favor of her brother José Salvador Amill Negroni, which power of attorney, according to the conveyance, was executed in Maricao on June 6, 1912, before Notary Miguel Juan Llaneras.

In order to cure said defect the present owner of the property, José Llinás Morell, submitted to the registrar a paper writing, dated April 9, 1935, in which he stated that, after the execution of said power of attorney in 1912, Notary Miguel Juan Llaneras died, and his protocol was sent to the

notarial archives pertaining to the district of Mayagüez; and that said archives, which contained the original of the said power of attorney, were totally destroyed by fire on February 12, 1931; that he has endeavored, without success, to find a certified copy of said conveyance and to locate María Eugenia Delfina Amill Negroni so that she should ratify the conveyance, and this has not been possible because she is absent from this island and her whereabouts is unknown. In said writing the registrar was also informed that the power of attorney executed in 1912 before Notary Miguel Juan Llaneras, by María Eugenia Delfina Amill Negroni in favor of her brother José Salvador Amill Negroni, was duly identified in the registry, as appears from the sixth record of property No. 553, duplicate, at folio 5 and reverse side thereof, of volume 23 of Maricao. Indeed, from a certificate before us issued by the Registrar of San Germán, it appears that the sixth record of property number 553, duplicate, to which we have referred, was brought about by the deed of exchange which was executed on April 15, 1913, by several persons, one of whom was José Salvador Amill Negroni, attorney in fact of his sister María Eugenia Delfina Amill Negroni, which deed was for the exchange of a certain property belonging to her for an undivided interest in another property held by Juan Amill Amill, said record being made in 1918; and it appears therefrom that account was taken of the power of attorney executed on June 6, 1912, by María Eugenia Delfina Amill Negroni, in favor of her brother José Salvador Amill Negroni, before the notary Miguel Juan Llaneras.

The registrar refused to correct the curable defect noted in the ninth record of property number 556, and thereupon the present owner of the property took the instant appeal.

The ground upon which the registrar refused to enter the correction sought can be briefly stated thus: That a contract of exchange is essentially different from one of purchase and sale, for which reason it can not be asserted that said power of attorney conferred upon José Salvador Amill Negroni any

authority to sell property belonging to his principal, María Eugenia Delfina Amill Negroni, because said power of attorney was granted for the purposes of the exchange already mentioned.

 Our Civil Code deals separately with the contract of purchase and sale and with that of exchange. It treats of the former in title IV, which includes sections 1334 to 1427, 1930 ed., and of the latter contract in title V, sections 1428 to 1435. According to section 1334, by the contract of purchase and sale one of the contracting parties binds himself to deliver a specified thing and the other to pay a certain price therefor in money or in something representing the same. According to section 1428, exchange (*permuta*) is a contract by which each of the contracting parties binds himself to give a thing in order to receive another. Both contracts are of the same nature in so far as the delivery of property is concerned, but they are not looked upon by the lawmaker as being identical, because not only have they been treated separately in the code but also they involve different transactions, for in one there must be a fixed price in money or its equivalent, whereas in the other one thing is exchanged for another. That they are different is also shown by the care with which the code differentiates them in section 1335, by providing that if the purchase price should consist partly of money and of something else, the character of the contract shall be determined by the manifest intention of the contracting parties; and that if this intention should not appear, the contract shall be considered as one of barter if the value of the thing given as a part of the price exceeds that of the money or its equivalent; otherwise it shall be considered as a sale. Their effects are different also, for section 1411 grants the right of legal redemption to co-owners where the thing is acquired by purchase or in payment of a debt (*dación en pago*). Thus, in a judgment of the Supreme Court of Spain, *Jurisprudencia Civil*, vol. 179, p. 879, after the court had declared that the deed involved in

the suit, which the defendants had executed as an exchange, was not such an exchange but was a contract of purchase and sale, it held that the action of legal redemption brought was proper.

By reason of the foregoing, we can not hold that because José Salvador Amill Negroni was empowered to make the exchange he effected in the name of his principal, María Eugenia Delfina Amill Negroni, as appears from the sixth record of property No. 553, of Maricao, he had implied authority to sell her property, as maintained by the appellant.

The decision appealed from must be affirmed.